UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: _____

| | |
|---|---|
| JERRY MURRAY,<br><br>   Plaintiffs,<br>v.<br><br>ST. VINCENT'S MEDICAL CENTER, INC. d/b/a ST. VINCENT'S MEDICAL CENTER and DOES 1 through 2,<br><br>   Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, JERRY MURRAY (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, sues Defendant, ST. VINCENT'S MEDICAL CENTER, INC. d/b/a ST. VINCENT'S MEDICAL CENTER ("St. Vincent") and DOES 1 through 2 (hereinafter referred to as "Defendants"), and alleges the following upon information and belief based on personal knowledge:

## INTRODUCTION

1. This case arises from the illegal action of Defendants in negligently, knowingly and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and in knowingly and/or willfully contacting Plaintiff via U.S. mail when represented by counsel in violation of the Florida Consumer Collection Practices Act, FLA. STAT § 559 *et seq.* ("FCCPA").

-1-

## GENERAL ALLEGATIONS

2. Plaintiff JERRY MURRAY is a natural person who resides in Jacksonville, Florida, and is a "consumer" as that term is defined by the FCCPA who formerly resided in Miami-Dade County Florida.

3. Defendant, ST. VINCENT'S MEDICAL CENTER, INC. d/b/a VINCENT'S MEDICAL CENTER (hereinafter "Defendant" or "St. Vincent") is a "creditor" as the term is defined by the FCCPA. Defendant provides services from several locations in the Jacksonville, Florida area, but conducts debt collections activities through a P.O. Box in Orlando, Florida and performs debt collection calls through toll-free numbers of unknown locations.  BCC FINANCIAL MANAGEMENT SERVICES, is St. Vincent's third party agent operating debt collection services out of Broward County Florida.

4. Plaintiff is informed and believes and upon such information and belief alleges St. Vincent is also a corporation that continuously and systematically engages in its business of collecting debts from within the State of Florida and in the United States.

5. The true names and capacities of Defendants named herein as DOES 1 through 2 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will amend the Complaint to show the true names and capacities of such DOES when they have been ascertained.  Upon information and belief, Plaintiff alleges that each of DOES 1 through 2 were responsible in some manner for the occurrences, acts, and transactions herein alleged, and that Plaintiff's

damages and violations of Plaintiff's rights were proximately caused by such Defendants.

6. Upon information and belief, Plaintiff alleges that at all times mentioned herein Defendants were the agents, servants, representatives, partners and/or employees of co-Defendant, St. Vincent, and, by engaging in the actions mentioned below, were, unless otherwise alleged, acting within the course and scope of their authority as such agent, servant, representative, partner, and/or employee, with the permission and consent of St. Vincent.

7. Any allegations about acts of any corporate or other business Defendant means that the corporation or other business did the alleged acts through its officers, directors, employees, agents, and/or representatives, while they were acting within the actual or ostensible scope of their authority.

## FACTUAL ALLEGATIONS

8. On or about July 14, 2014 Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by Fla. Stat. § 559.55(6) namely a personal medical debt for services rendered in a sleep study.

9. The medical debt is the subject of a workers' compensation claim and is therefore the responsibility of the carrier, Miami-Dade County Risk Management Division located in Miami, Florida. Plaintiff is represented by the law firm De Cardenas, Freixas, Stein & Zachary, P.A. (hereinafter referred to as "Counsel") located in Miami, Florida.

10. On or about February 10, 2016, St. Vincent contacted Plaintiff via telephone in an attempt to collect the debt, despite representation by counsel.

11. Despite proper submission of the worker's compensation carrier information, St. Vincent sent dunning collection letters to Plaintiff on or about March 16, 2016 April 15, 2016, May 16, 2016, July 15, 2016, and August 19, 2016 respectively. See attached collection letters attached as "Composite Exhibit A".

12. The letters contained in Composite Exhibit A are "communications" as defined by Fla. Stat. § 559.55(2).

13. On March, 21, 2016, Plaintiff spoke with St. Vincent and advised that he was represented by counsel and that the medical debt was the subject of workers' compensation claim as the medical treatment was prescribed by his workers' compensation doctor.

14. In response, Counsel notified St. Vincent in writing on March 24, 2016 and May 4, 2016 to cease and desist collection efforts with Plaintiff and directed St. Vincent to the appropriate entity for collection. See cease and desist letters attached hereto as "Composite Exhibit B".

15. Despite being directed to the appropriate entity responsible by law for the debt, St. Vincent proceeded to continue sending Plaintiff collection letters in May, July and August of 2016. See Composite Exhibit "A".

16. Additionally, St. Vincent proceeded to call Plaintiff on his cell phone number (904)-XXX-0473 to collect the debt, despite having been notified by Plaintiff's Counsel of representation in regards to the debt in violation of Fla. Stat.

559.72(18).

17. The calls to Plaintiff's cell are communications as defined by Fla. Stat. 559.55(2).

18. Thereafter, on or before August 9, 2016, Plaintiff verbally revoked any implied prior consent provided to St. Vincent to auto-dial his cell phone. However, St. Vincent continued to auto-dial Plaintiff's cell phone on August 16, 2016 and September 21, 2016.

19. On October 5, 2016, St. Vincent disclosed information concerning the existence of the debt known to be reasonably disputed by the debtor without disclosing that fact in violation of Fla. Stat. 559.72(6). Specifically, St. Vincent sent the debt to its third party agent, BCC Financial Management Services located in Broward County Florida and designated the debt as a bad debt for debt collection purposes.

20. Thereafter, by and through its third party agent, St. Vincent disclosed to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the information is false in violation of Fla. Stat, 559.72(5). Specifically, St. Vincent sent communication designating the debt as past due to credit reporting agencies which was so reported, despite receiving instruction from the carrier and Plaintiff's counsel that the debt was the subject of a workers' compensation claim to be paid by the carrier.

21. By and through its third party agent, BCC, St. Vincent, sent additional dunning letter(s) to Plaintiff in an attempt to collect the debt.

22. Plaintiff has suffered actual damages as a result of these illegal collection

communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home and workplace.

## JURISDICTION AND VENUE

23. This action arises out of Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and of the .  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

24. Title 28, Section 1391(b)(1) provides that "a civil action may be brought in a jurisdiction in which any defendant resides, if all defendants are residents of the State in which the district is located.  Title 28, Section 1391(c)(2) provides that "[f]or all venue purposes an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil-action in question…."

25. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district and because pursuant to Section 1391(c)(2), is deemed to reside in any judicial district in which Defendant, St. Vincent, is subject to the court's personal jurisdiction with respect to the civil-action in question…"

26. Defendant, St. Vincent, has engaged in collection activities in multiple districts throughout the State of Florida including mailing collection letters through a Post Office Box located in Orlando, mailing collection letters by and through its third party agent, BCC Financial Management Services, in Broward County, Florida, communicating with its third party agent in Broward County, Florida, and is subject to the Court's personal jurisdiction here in the Southern District of Florida.

### TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT §§ 559.72(5)(6)(9)&(18) *et seq.* FCCPA

28. Plaintiff incorporates by reference paragraphs 1 through 26 of this Complaint as though fully stated herein.

29. Defendants' foregoing acts against Plaintiff constitutes violations of the Florida Consumer Collections Practices (FCCPA) Act FLA. STAT. § 559 et seq.

30. These violations of the Florida Consumer Collections Practices Act were willful as set forth above.

31. In determining the Defendants' liability for any additional statutory damages, the court shall consider the nature of the Defendants' noncompliance with Section

559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

32. The FCCPA prohibits a debt collector from claiming, attempting, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. See Fla. Stat. §559.72(9). Here, Defendant, St. Vincent, repeatedly and/or continuously mailed dunning collection letters and statements to Plaintiffs for a debt Plaintiffs do not owe and for which it was not authorized to collect from Plaintiff as it is the subject of a workers' compensation claim to be billed to and paid by the carrier. In addition, Defendants, Does 1 through 2, contacted Plaintiff via telephone in attempt to collect debt.

33. In addition, the FCCPA prohibits a debt collector from communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address … See Fla. Stat. §559.72(18). Here, St. Vincent, repeatedly and/or continuously mailed dunning collection letters and statements to Plaintiffs for a debt Plaintiffs do not owe and for which it was not authorized to collect, despite receiving cease and desist letters from Counsel with the attorney's name, address and phone numbers. Moreover, Plaintiff advised of Counsel's representation when speaking on the telephone with St. Vincent.

34. Additionally, Defendants. Does 1 and 2, auto-dialed Plaintiff's cell phone and attempted to collect the debt when advised Plaintiff was represented by counsel.

35. Defendant, St. Vincent further violated the FCCPA when it disclosed information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact to its third party agent, BCC, in violation of Fla. Stat. 559.72(6).

36. Defendant, St. Vincent, further violated the FCCPA when, by and through its third party agent, BCC, it disclose credit reporting agencies, information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the information is false, as the Plaintiff was not delinquent regarding the debt owed by his carrier.

37. As a result of Defendants' (St. Vincent and Does 1 through 2) violations of Fla. Stat. § 559.72, Plaintiff is entitled to actual damages and for additional statutory damages for the aforementioned violations of the FCCPA in the amount up to $1000.00 together with court costs and reasonable attorney's fees incurred by the Plaintiff pursuant to Fla. Stat. § 559.77(2).

## COUNT II
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *et seq.*

38. Plaintiff incorporates by reference paragraphs 1 through 26 of this complaint as though fully set forth above.

39. Defendants, Does 1 through 2, negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by using an ATDS and/or an artificial or prerecorded voice to call Plaintiff at a telephone number assigned to a service for which Plaintiff is charged for the call without Defendant's prior express consent

and after receiving a cease and desist from Counsel for Plaintiff.

40. As a result of Defendants', Does 1 through 2, negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

## COUNT III
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

41. Plaintiff incorporates by reference paragraphs 1 through 26 of this complaint as though fully set forth above.

42. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.
>
> 47 U.S.C. § 227(b)(3).

43. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

44. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015);

*Bridgeview Health Care Ctr. Ltd. v. Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).Clark, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

45. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

46. Defendants, Does 1 through 2, voluntarily placed telephone calls to Plaintiff's Number using an ATDS and/or an artificial or prerecorded voice.

47. The foregoing acts and omissions of Defendants constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

48. As a result of Defendants', Does 1 through 2, knowing and/or willing violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

49. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

a. An order enjoining Defendants from placing further telephone calls to Plaintiff's telephone number pursuant to 47 U.S.C. § 227(b)(3).

b. Judgment against Defendants for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendants made in violation of the TCPA.

c. Judgment against Defendants for statutory damages of $1,000 pursuant to FLA. STAT. § 559.77(2) for violations of FLA. STAT § 559.72(5)(6)(9) and (18).

d. An award of reasonable attorney's fees and costs.

e. For such other legal and/or equitable relief as the Court deems appropriate.

Dated: March 13, 2017                                  Respectfully submitted,

*/s/ Jessica Kerr, Esq.*
FBN: 92810
The Advocacy Group, LLC
Attorney for Plaintiff
333 Las Olas Way, Ste. CU3-311
Telephone.(954)282-1858
Email: jkerr@advocacypa.com
Email 2: service@advocacypa.com